**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

OTIC MICHAEL BRIDGEFORTH,

                              Plaintiff,

    - v -                                            Civ. No. 1:10-CV-678
                                                           (TJM/RFT)

NATIONAL CONSUMER SERVICES,

                              Defendant.

## REPORT-RECOMMENDATION and ORDER

Presently before the Court is *pro se* Plaintiff Otis Michael Bridgeforth's civil rights Complaint, brought pursuant to 42 U.S.C. § 1983, alleging that Defendant National Consumer Services violated his constitutional rights when it defrauded him and stole his money. Dkt. No. 1. Plaintiff claims that he paid Defendant a sum of money as part of application and servicing fees in order to receive a Visa credit card, which he never received. *Id.* Also before the Court is Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP"). Dkt. No. 2.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *in Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

#### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). However, Plaintiff does not allege that "the challenged conduct was attributable at least in part to a person acting under color of state law," nor that "such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Haley v. Pataki*, 106 F.3d 478, 482 (2d Cir. 1997) (citation omitted). Rather, he brings claims of fraud and theft against a non-state actor.

As such, Plaintiff fails to state a facially valid claim under § 1983, and offers no other basis for this Court's jurisdiction over his claims. When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Therefore, we recommend that the Complaint be **dismissed** for failure to state a claim under 42 U.S.C. § 1983 and for want of subject matter jurisdiction, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and FED. R. CIV. P. 12(h)(3); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have Fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: July 15, 2010
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge